UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOSTLE AND PROPHET YASHUA,<br><br>    Petitioner,<br><br>  v.<br><br>PASTOR MELISSA SCOTT,<br><br>    Respondent. | Case No. CV 23-08987 ODW (RAO)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On October 23, 2023, Apostle and Prophet Yashua, also known as Trevor Piotrowski ("Petitioner"), a Los Angeles County pretrial detainee proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) While the Petition is largely unintelligible, Petitioner appears to challenge a pending state charge of violating a restraining order. Petition at 3. Because Petitioner's criminal case is ongoing and no judgment entered, the Court must abstain under *Younger v. Harris*, 401 U.S. 37, 45–46 (1971), and the Petition must be dismissed without prejudice.

***

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may summarily dismiss a petition "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." *See also* 28 U.S.C. § 2243.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal review is allowed on behalf of "a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution" or other provision of federal law.  28 U.S.C. § 2254(a).  Here, Petitioner is a pretrial detainee who has not been criminally convicted.  There is no judgment for this federal court to review.

Further, because of the existence of the ongoing criminal case, *Younger* abstention is appropriate.  Federal courts generally abstain from interfering in ongoing state proceedings until the conviction becomes final after the conclusion of appellate proceedings.  *Younger*, 401 U.S. at 45-46.  Abstention under *Younger* is warranted where three criteria are met:  (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the petitioner's federal constitutional claims.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court of State of Cal.*, 23 F.3d 218, 223 (9th Cir. 1994).  A petitioner may avoid application of the *Younger* doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown.  *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

First, this Court takes judicial notice of the docket of the Los Angeles County Superior Court, Case No. GA 109360, *People v. Trevor Daniel Piotrowski* (filed Dec. 20, 2022),[1] which shows that Petitioner's criminal matter remains pending. *See* https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx.  The

---

[1] *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (district court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

pendency of the matter before the superior court weighs in favor of abstention. *See Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972) (only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after a judgment has been appealed from, and the case has been concluded in state courts).

Second, the state proceedings implicate important state interests, particularly the State of California's interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Accordingly, the second *Younger* factor weighs in favor of abstention.

Third, Petitioner has an adequate opportunity to raise any federal habeas claims in his pending state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (federal court should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Accordingly, the final *Younger* factor also weighs in favor of abstention.

Finally, Petitioner has not alleged facts showing bad faith, harassment, extraordinary circumstances, or irreparable injury. Because all three criteria for abstention under *Younger* apply and because there is no compelling reason warranting federal intervention at this time, the Court must abstain from interfering with Petitioner's pending state criminal proceedings. *See Middlesex*, 457 U.S. at 435.

DATED: October 27, 2023

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE